Slade R. Metcalf
Rachel F. Strom
Hogan & Hartson LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Defendants Twentieth
Century Fox Film Corporation and
Paul W.S. Anderson*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | | |
|---|---|---|
| JAMES MULLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 08 CV 02550 (DC) |
| – against – | : | |
| | : | |
| TWENTIETH CENTURY FOX FILM | : | |
| CORPORATION, PAUL W.S. | : | |
| ANDERSON, DAVIS ENTERTAINMENT | : | |
| and BRANDYWINE PRODUCTIONS, | : | |
| Defendants. | : | |

-------------------------------------------------------------------X

### ANSWER OF TWENTIETH CENTURY FOX FILM CORPORATION
### AND PAUL W.S. ANDERSON

Defendants Twentieth Century Fox Film Corporation ("Fox") and Paul W.S. Anderson

("Anderson") (collectively, "Answering Defendants") by and through their undersigned

attorneys, Hogan & Hartson LLP, for their answer to the Amended Complaint (the "Complaint")

of plaintiff James Muller ("Plaintiff"), allege as follows:

### FOR A RESPONSE TO THE PARTIES

1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "1" of the Complaint.

2.      Admit Plaintiff has attached an alleged copy of a registration for "The Lost

Continent" ("TLC") with the Writers' Guild of America East as Exhibit 1 to the Complaint, and

except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "2" of the Complaint.

3.        Admit Plaintiff has attached an alleged copy of a registration for TLC with the United States Copyright Office as Exhibit 2 to the Complaint, and except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "3" of the Complaint.

4.        Admit that Defendant Fox is a Delaware corporation, with its principal place of business in California, which is licensed to do business in the State of New York and which is the motion picture studio that produced *Alien vs. Predator* ("AVP"), which was shown in certain theatres in New York, New York, and except as so admitted, deny each and every remaining allegation contained in Paragraph "4" of the Complaint.

5.        Admit that Defendant Anderson wrote and directed AVP.

6.        Admit that Davis Entertainment Company ("Davis") furnished the services of the producer of AVP, and except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "6" of the Complaint.

**FOR A RESPONSE TO THE NATURE OF THE ACTION**

7.        Admit that the Complaint purports to state causes of action for copyright infringement and breach of implied contract, admit that Plaintiff has attached alleged copies of the screenplays for TLC and AVP as Exhibits 3 and 4 to the Complaint, and except as so admitted, deny each and every remaining allegation contained in Paragraph "7" of the Complaint.

**FOR A RESPONSE TO THE JURISDICTION & VENUE**

8.        Admit that Plaintiff claims that this action arises under the Copyright Act as alleged in Paragraph "8" of the Complaint, but specifically denies any liability here.

\\\NY - 027721/000012 - 1138866 v1

9.     Admit the allegations contained in Paragraph "9" of the Complaint.

10.     Admit that venue is proper here, but except as so admitted, deny each and every remaining allegation contained in Paragraph "10" of the Complaint.

## FOR A RESPONSE TO INTRODUCTION

11.     Admit that *Alien* and *Predator* were successful movies, deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff sent query letters with the phrase "in the vein of *Aliens* or *Congo*", and except as so admitted, deny each and every remaining allegation contained in Paragraph "11" of the Complaint.

12.     Admit that an alleged copy of an August 9, 2004 *Dark Horizons* article is attached to the Complaint as Exhibit 5, admit that Plaintiff has attached an alleged copy of the screenplay for TLC as Exhibit 3 to the Complaint, respectfully refer the Court to said documents for their true content and meaning, refer the Court to the AVP movie for its true content and meaning, and except as so admitted and referred, deny each and every remaining allegation contained in Paragraph "12" of the Complaint.

13.     Admit that an alleged copy of a June 2004 *Cinescape* article is attached to the Complaint as Exhibit 6, admit that Plaintiff has attached alleged copies of the screenplay for TLC as Exhibit 3 to the Complaint, respectfully refer the Court to said documents for their true content and meaning, refer the Court to the AVP movie for its true content and meaning, and except as so admitted and referred, deny each and every remaining allegation contained in Paragraph "13" of the Complaint.

## FOR A RESPONSE TO THE SYNOPSIS[1]

14.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true

---

[1]     Answering Defendants specifically deny any liability which might arise from the words contained in the headings in the Complaint.

content and meaning, and except as so referred, deny each and every allegation contained in Paragraph "14" of the Complaint.

15.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, and except as so referred, deny each and every allegation contained in Paragraph "15" of the Complaint.

16.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, admit that Anderson registered an AVP screenplay with WGA West effective October 9, 2009, admit that Fox registered an AVP screenplay with the U.S. Copyright Office effective November 19, 2003, and except as so referred and admitted, deny each and every allegation contained in Paragraph "16" of the Complaint.

17.     Admit that alleged copies of certain letters are attached to the Complaint as Exhibit 7, respectfully refer the Court to said documents for their true content and meaning, and except as so admitted and referred, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

18.     Admit that Fox solicits story ideas and receives screenplays from talent agencies, and except as so admitted, deny each and every allegation contained in Paragraph "18" of the Complaint as those allegations apply to Fox.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint as they apply to other members of the "movie industry".

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20.     Deny that defendant Davis Entertainment Company produced *Resident Evil* or *Resident Evil: Apocalypse* with Anderson; admit that defendant Davis Entertainment Company

\\\NY - 027721/000012 - 1138866 v1

furnished the services of the producer of AVP; admit that Morgan Creek Productions and Warner Brothers Pictures produced Anderson's *Soldier*; and except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint.

26.     Admit, upon information and belief, that Fox 2000 (which was not involved in the development or production of AVP) received a copy of TLC, and except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "26" of the Complaint.

27.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, and except as so referred, deny each and every allegation contained in Paragraph "27" of the Complaint.

28.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, and except as so referred, deny each and every allegation contained in

\\\NY - 027721/000012 - 1138866 v1

Paragraph "28" of the Complaint.

29.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, and except as so referred, deny each and every allegation contained in Paragraph "29" of the Complaint.

30.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, and except as so referred, deny each and every allegation contained in Paragraph "30" of the Complaint.

31.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, and except as so referred, deny each and every allegation contained in Paragraph "31" of the Complaint.

32.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, and except as so referred, deny each and every allegation contained in Paragraph "32" of the Complaint.

33.     Respectfully refer the Court to the TLC screenplay and AVP movie for their true content and meaning, and except as so referred, deny each and every allegation contained in Paragraph "33" of the Complaint.

34.     There is no Paragraph "34" in the Complaint.

35.     Deny each and every allegation contained in Paragraph "35" of the Complaint.

36.     Deny each and every allegation contained in Paragraph "36" of the Complaint.

37.     Decline to respond to the allegations contained in Paragraph "37" of the Complaint because the opinion in *Stone v. Universal City Studios, LLLP*, pending in the United States District Court for the Central District of California, CV-08-5423 (AJWx), speaks for itself.

\\\NY - 027721/000012 - 1138866 v1

## FOR A RESPONSE TO THE FIRST CLAIM FOR RELIEF

38.     Repeat and reallege each and every admission, denial, and referral set forth in response to Paragraphs "1" through "37" of the Complaint, as if more fully set forth in response to Paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph "39" of the Complaint.

40.     Admit that Plaintiff has not assigned, licensed, or otherwise transferred his alleged ownership of TLC to Answering Defendants, and except as so admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "40" of the Complaint.

41.     Specifically deny that Answering Defendants infringed any copyright by distributing AVP and that AVP was an "infringing work"; admit that Defendants distributed AVP for theatrical exhibition in the United States and Canada in August of 2004; admit that AVP was also distributed internationally and on television and on DVD; and except as so admitted, deny each and every remaining allegation contained in Paragraph "41" of the Complaint.

42.     Deny each and every allegation contained in Paragraph "42" of the Complaint.

43.     Deny each and every allegation contained in Paragraph "43" of the Complaint.

44.     Specifically deny that AVP was an "infringing work"; admit that Fox has earned revenue from producing, manufacturing, and distributing AVP; admit that Anderson earned revenue from writing and directing AVP; and except as so admitted, deny each and every remaining allegation contained in Paragraph "44" of the Complaint, as to the Answering Defendants.

\\\NY - 027721/000012 - 1138866 v1

45.     Deny each and every allegation contained in Paragraph "45" of the Complaint.

46.     Admit that Answering Defendants did not seek or obtain permission from Plaintiff to produce AVP, but except as so admitted, deny each and every allegation contained in Paragraph "46" of the Complaint.

47.     Deny each and every allegation contained in Paragraph "47" of the Complaint.

## FOR A RESPONSE TO THE SECOND CLAIM FOR RELIEF

48.     Repeat and reallege each and every admission, denial, or referral set forth in response to Paragraphs "1" through "47" of the Complaint, as if more fully set forth in response to Paragraph "48" of the Complaint.

49.     Deny each and every allegation contained in Paragraph "49" of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "50" of the Complaint.

51.     Deny each and every allegation contained in Paragraph "51" of the Complaint.

52.     Deny each and every allegation contained in Paragraph "52" of the Complaint.

53.     Deny each and every allegation contained in Paragraph "53" of the Complaint.

54.     Deny each and every allegation contained in Paragraph "54" of the Complaint.

## AFFIRMATIVE DEFENSES

Answering Defendants make the following affirmative defenses without admitting that they bear the burden of persuasion or presentation of evidence on each or any of these matters.

## FOR A FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

54.     The Complaint fails to state a cause of action upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE
### (Lack of Substantial Similarity)

55.     AVP is not substantially similar to TLC.

8

**FOR A THIRD AFFIRMATIVE DEFENSE**
**(Attorneys' Fees and Statutory Damages are Barred)**

56.     Plaintiff's claims for attorneys' fees and statutory damages are barred under 17

U.S.C. § 412 because he did not register TLC in time.

**FOR A FOURTH AFFIRMATIVE DEFENSE**
**(Federal Preemption)**

57.     Plaintiff's breach of implied contract claim is barred, in whole or in part, by the

Supremacy Clause of the United States Constitution, Art. VI, § 2, because as provided for in 17

U.S.C. § 301, that claim is "governed exclusively" by 17 U.S.C. § 101, et seq., and "no person is

entitled to any such right or equivalent right in any such work under the common law or statutes

of any States." 17 U.S.C. § 301(a).

**FOR A FIFTH AFFIRMATIVE DEFENSE**
**(Laches)**

58.     Plaintiff is barred from seeking injunctive relief by the doctrine of laches.

**FOR A SIXTH AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

59.     Plaintiff is equitably estopped from bringing the claims stated in the Complaint.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**
**(Fair Use)**

60.     Plaintiff's claim for copyright infringement is barred in whole or in part by the

doctrine of fair use, pursuant to 17 U.S.C. § 107.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**
**(Unauthorized Derivative Work)**

61.     Plaintiff's screenplay for TLC is not protected by copyright because TLC is based

in large part on other copyrighted works for which Plaintiff had no permission to copy.

**FOR A NINTH AFFIRMATIVE DEFENSE**
**(Scenes-a-faire, facts, ideas)**

62.     Plaintiff's claim of substantial similarity between the works is at a level that

compares only facts, ideas and scenes-a-faire that are not protectable by copyright.

\\\NY - 027721/000012 - 1138866 v1

## FOR A TENTH AFFIRMATIVE DEFENSE
### (First Amendment)

63.    The creation and exhibition of AVP was privileged under the First Amendment to the United States Constitution, and Article I, Section 8 of the New York State Constitution.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

64.    Plaintiff is barred from seeking injunctive relief because he has not alleged irreparable harm.

## FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

65.    Answering Defendants reserve the right to assert and rely upon other defenses that become available or appear during the course of this action.


WHEREFORE, defendants Twentieth Century Fox Film Corporation and Paul W.S. Anderson respectfully request that this Court dismiss the Complaint in its entirety, with prejudice, and grant such other and further relief, together with costs, as this Court deems appropriate.

Dated: May 7, 2009

Respectfully submitted,

HOGAN & HARTSON LLP


By: s/  Slade R. Metcalf
Slade R. Metcalf
Rachel F. Strom
Hogan & Hartson LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Attorneys for Defendants Twentieth Century Fox Film Corporation and Paul W.S. Anderson*

\\\NY - 027721/000012 - 1138866 v1