UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x
                   :

JAMES MULLER,
                   :

         Plaintiff,
                   :         **MEMORANDUM DECISION**

    - against -
                   :         08 Civ. 02550 (DC)

TWENTIETH CENTURY FOX FILM
CORPORATION et al.,
                   :

         Defendants.   :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-22-2011

**APPEARANCES:**        THE NOLAN LAW FIRM
                    Attorneys for Plaintiff
                        By: William Paul Nolan, Esq.
                  444 E. 75th Street, 15th Floor
                  New York, New York  10021


                  LEOPOLD, PETRICH & SMITH, P.C.
                    Attorneys for Defendant
                        By: Louis P. Petrich, Esq.
                  2049 Century Park East, Suite 3110
                  Los Angeles, California  90067


**CHIN, Circuit Judge**

      In this case, plaintiff James Muller sued defendants,

Twentieth Century Fox Film Corporation, Paul W.S. Anderson, and

Davis Entertainment Inc., for copyright infringement, claiming

that defendants' film, AVP: Alien v. Predator (the "Film"),

infringed his screenplay, The Lost Continent (the "Screenplay").

Muller brought suit on March 14, 2008, and filed an amended

complaint on January 20, 2009.  Muller asserted two causes of

action:  (1) copyright infringement pursuant to the Copyright

Act, 17 U.S.C. § 101 et seq., and (2) breach of implied contract

under common law.  Muller v. Twentieth Century Fox Film Corp.,

No. 08-2550 (DC), 2011 WL 1330632, at *7 (S.D.N.Y. Mar. 30,

2011).  After the parties conducted discovery, I granted

defendants' motion for summary judgment because the Film was

independently created and no reasonable jury could find

"probative or striking similarity."  Muller, 2011 WL 1330632, at

*12.

Defendants move for attorneys' fees and costs pursuant

to 17 U.S.C. § 505.  The motion is granted, to the extent set

forth below.

**DISCUSSION**

**A.  Applicable Law**

Defendants seek an award of attorneys' fees and costs

pursuant to § 505 of the Copyright Act, which provides that:

> the court in its discretion may allow the
> recovery of full costs by or against any
> party other than the United States or an
> officer thereof.  Except as otherwise
> provided by this title, the court may also
> award a reasonable attorney's fee to the
> prevailing party as part of the costs.

17 U.S.C. § 505.  When exercising this discretion, the district

court should treat prevailing plaintiffs and defendants alike. Fogerty v. Fantasy, 510 U.S. 517, 534 (1994). The mere fact that defendants prevailed on summary judgment is not dispositive in determining whether to award attorneys' fees. Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 117 (2d Cir. 2002) ("Attorneys' fees are available to prevailing parties under § 505 of the Copyright Act but are not automatic.").

Although "[t]here is no precise rule or formula for making [attorneys' fees] determinations," Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 121 (2d Cir. 2001) (quoting Fogerty, 510 U.S. at 534), this Court may consider several non-exclusive factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n.19. This is a non-exclusive list, and other factors may be considered "so long as [they] are faithful to the purposes of the Copyright Act." Id.

Of the listed factors, objective unreasonableness is "given substantial weight in determining whether an award of attorneys' fees is warranted." Matthew Bender & Co., 240 F.3d at 122. This is to facilitate the goal of the Copyright Act "to

encourage the origination of creative works by attaching enforceable property rights to them." Id. "A copyright infringement claim is objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of legal or factual basis." Porto v. Guirgis, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009) (internal quotation marks omitted); see Berry v. Deutsche Bank Trust Co. Ams., 632 F. Supp. 2d 300, 305 (S.D.N.Y. 2009) ("Courts must . . . determine 'if a copyright claim is clearly without merit or otherwise patently devoid of legal or factual basis.'") (internal citation omitted).

        If attorneys' fees are awarded, § 505 of the Copyright Act requires the court to award a "reasonable" amount. 17 U.S.C. § 505. In calculating what is "reasonable," the Second Circuit has adopted the "presumptively reasonable fee" standard, which requires the court to calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Harrell v. Van der Plas, No. 08 Civ. 8252 (GEL), 2009 WL 3756327, at *1 (S.D.N.Y. Nov. 9, 2009). See Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC, 497 F.3d 133, 141 (2d Cir. 2007) ("The presumptively reasonable fee analysis involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two

-4-

figures together to obtain the presumptively reasonable fee award.").

The "reasonable hourly rate" is based on "what a reasonable paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Barclays Capital Inc. v. Theflyonthewall.com, No. 6 Civ. 4908 (DLC), 2010 WL 2640095, at *2 (S.D.N.Y. June 30, 2010) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110, 112, 118 (2d Cir. 2007), amended on other grounds, 522 F.3d 182 (2d Cir. 2008)) (internal citation and quotation marks omitted).  In calculating a reasonable hourly rate, the court is to consider the factors first enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96 (1989):

> (1) the time and labor required; (2) the
> novelty and difficulty of the questions; (3)
> the level of skill required to perform the
> legal service properly; (4) the preclusion of
> employment by the attorney due to acceptance
> of the case; (5) the attorney's customary
> hourly rate; (6) whether the fee is fixed or
> contingent; (7) the time limitations imposed
> by the client or the circumstances; (8) the
> amount involved in the case and the results
> obtained; (9) the experience, reputation, and
> ability of the attorneys; (10) the

-5-

> 'undesirability' of the case; (11) the nature
> and length of the professional relationship
> with the client; and (12) awards in similar
> cases.

Arbor Hill, 522 F.3d at 186 n.3 (citing Johnson, 488 F.2d at 717-19).

After determining the presumptively reasonable fee based on the hourly rates and number of hours worked, the court has discretion to reduce the award where the "claimed hours are excessive, redundant, or otherwise unnecessary" or the "documentation of hours is vague or incomplete." Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 312 (S.D.N.Y. 2009) (internal citations omitted).

Although Muller's alleged insolvency "may be considered in determining the magnitude of the award," his financial condition has no bearing on the question of whether to grant or deny an award of attorneys' fees. Chivalry Film Prods. v. NBC Universal, Inc., No. 05 Civ. 5627, 2007 WL 4190793, at *4 (S.D.N.Y. Nov. 27, 2007) (internal quotation marks omitted). This is because the "decision to award attorney's fees is based on whether imposition of the fees will further the goals of the Copyright Act, not on whether the losing party can afford to pay the fees." Id. at *3 (internal citation omitted).

**B.   Application**

First, I consider whether to allow fees, and I hold

that defendants are entitled to fees.   Second, I consider the

amount of fees to award.

####   1.   **The Award of Fees**

Muller's claim was frivolous and objectively

unreasonable for three reasons.   First, the Film and the

Screenplay tell two very different stories.   The Film integrated

two iconic characters that had been featured in their own,

earlier hit movies:   the Alien and the Predator.   The Screenplay

"told the story of a government-led expedition to the Antarctic

to investigate a mysterious structure below the frozen surface."

Muller, 2011 WL 1330632, at *1.   The stories are simply

different, and Muller's claim of copyright infringement is

"clearly without merit or otherwise patently devoid of legal or

factual basis," Porto, 659 F. Supp. 2d at 617, and thus is

objectively unreasonable.

Second, Muller's claim that copying can be inferred

from an alleged "striking similarity" between the two works was

ill-conceived from the outset.   Despite Muller's efforts to

demonstrate "2000+" similarities" (Pl. Opp. Mem. 4), "many of the

pairings are not actually similar."   Muller, 2011 WL 1330632, at

*11. As before, "[t]he mere existence of multiple similarities is insufficient to meet the test [for striking similarity]." Id. (citing Gal v. Viacom Int'l, Inc., 518 F. Supp. 2d 526, 543 (S.D.N.Y. 2007)). As a matter of law, there is no striking similarity between the Film and the Screenplay.

Third, to the extent there are similarities between the Film and the Screenplay, they are unprotectable. As I noted before, "the only similarities between the Screenplay and the Film are insubstantial, and pertain to non-copyrightable ideas, unprotected stock themes, or 'scènes à faire,' and not to protected expression." Muller, 2011 WL 1330632, at *16. The unprotectable nature of the alleged similarities remains unchanged, and Muller's effort to assert the reasonableness of his claims fails.

Accordingly, I conclude that Muller's copyright infringement claim is "clearly without merit or otherwise patently devoid of legal or factual basis," Porto, 659 F. Supp. 2d at 617, and thus is objectively unreasonable. Because Muller's claim is objectively unreasonable, and the goals of the Copyright Act are promoted by deterring objectively unreasonable litigation, attorneys' fees will be granted.

## 2.   **The Amount of Fees**

Defendants contend that the presumptively reasonable fee is $432,077.45, based on a total of 1,230.3 hours worked and rates ranging from $165 to $395 per hour.[1]  (Def. Mem. 7, 10). Defendants then, however, request only $150,000 "in light of the belief that the lesser award will adequately serve the statutory goals of compensation and deterrence."  (Def. Mem. 10).

The requested amount of $150,000 is more than reasonable, particularly in the context of "what a reasonable, paying client would be willing to pay."  Arbor Hill, 493 F.3d at 112.  The requested fee covers time spent on pleadings, discovery, and the summary judgment motion, and is in line with or below other recent fee awards in this district.[2]  See

---

[1] These amounts are for defendants' California counsel only. Defendants do not request fees for the work of their New York counsel.

[2] Although defendants' motion for fees is based on the work performed by its counsel in California, the "forum rule" dictates that this Court "should generally use the hourly rates employed in the district in which [it] sits."  Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).  The court, however, "may apply an out-of-district rate . . . if, in calculating the presumptively reasonable fee, it is clear that a reasonable, paying client would have paid those higher rates."  Id. at 174 (internal citation and quotation marks omitted).  In light of defendants' reduction in the fees requested, I need not address the differences in rates.

Diplomatic Man, Inc. v. Nike, No. 08 Civ. 139 (GEL), 2009 WL
935674, at *5 (S.D.N.Y. Apr. 7, 2009) (finding an award of
$311,072.50 reasonable where defendants counsel "devoted just
over a thousand hours to this matter collectively between one
partner, five associates, a staff attorney and two paralegals,
whose billing rates ranged between $155 (for a paralegal) to $470
(for the partner) per hour"); Harrell v. Van der Plas, No. 08
Civ. 8252 (GEL), 2009 WL 3756327, at *6 n.7 (S.D.N.Y. Nov. 9,
2009) (awarding hourly rate of $400 per hour to copyright and
trademark litigation attorney with approximately 20 years'
experience).

    As the amount requested by defendants is more than
reasonable, I accept it as reasonable, and I do not engage in a
detailed analysis of defendants' proposed presumptively
reasonable fee.

    That does not end the inquiry, however, because the
court in its discretion may still reduce the award to reflect the
relative financial strength of the parties.  See Barclays Capital
Inc., 2010 WL 2640095, at *6 (holding that "even after the
'presumptively reasonable fee' is established, the final fee
award may be adjusted downward based on the relative financial
strength of the parties"); Shangold v. Walt Disney Co., No. 03

-10-

Civ. 9522 (WHP), 2006 WL 2884925, at *1 (S.D.N.Y. Oct. 11, 2006) (reducing an award of $216,473.50 in fees plus $71,147 in costs to a total of $10,000 because "[p]laintiffs have submitted financial statements that demonstrate that they cannot pay the substantial, albeit reasonable fees and costs submitted by Defendants").  See also Williams v. Crichton, No. 93 Civ. 6829 (LMM), 1995 WL 449068, at *1 (S.D.N.Y. July 26, 1995) (holding that "the relative financial strength of the parties is so disproportionate," that "the purposes of the Copyright Act will be served by a relatively small award").

Here, Muller has submitted United States Social Security Earnings Reports and one United States Tax Income return, all suggesting that he is unable to pay the award requested by the defendants.  From 1995 to 2005, Muller's annual earnings have ranged, for example, from $0 to $31,516.  (Muller Decl., Exh. 1).  Muller's reported wages, salaries, and tips for 2010 was just $7,124.  (Muller Decl., Exh. 2).  While an award of attorneys' fees is necessary to deter objectively unreasonable copyright infringement claims in the future, the goals of the Copyright Act would not be promoted by bringing about Muller's financial ruin.  See Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986) ("We emphasize that the aims of the [Copyright

-11-

Act] are compensation and deterrence where appropriate, but not ruination.").  On the other hand, individuals who bring objectively unreasonable claims should not be given a "free pass" just because they have limited financial resources.  In light of Muller's financial standing, the objective unreasonableness of his claims, and the goals of the Copyright Act, I will reduce the fee award from $150,000 to $40,000.  The Clerk of the Court shall enter a supplemental judgment awarding defendants $40,000 in attorneys' fees.

       SO ORDERED.

Dated:    New York, New York
          August 22, 2011

                                        DENNY CHIN
                                        United States Circuit Judge
                                        Sitting by Designation